NEW YORK COUNTY—HON. CHARLES P. DALY, ACTING SURROGATE—
October, 1862.

## In re SHERIDAN.

*In the Matter of Proving the Last Will and Testament of*
PATRICK SHERIDAN, *deceased.*

The will, which contained no attestation clause, nor any declaration that it was decedent's will and testament, was read over in the presence and hearing of the decedent and of the witnesses, and was spoken of as the decedent's "last will and testament" by a person present superintending its execution, who also requested the witnesses "to sign." But decedent did not declare the paper his will, nor request the witnesses to sign.

*Held,* that there was no publication.

A paper purporting to be the last will and testament of Patrick Sheridan, bearing date May 20, 1862, was propounded for probate.

Richard Joyce, one of the attesting witnesses, testified that he was present when the decedent signed the paper pro-

pounded; that Father Hewitt, a Catholic priest, who was present, called the witnesses from an adjoining room to witness the will; that Father Hewitt read the will to the decedent in the presence and hearing of the witnesses, and that the decedent signed the instrument in the presence of the witnesses. The witnesses testified, that Father Hewitt spoke of the instrument as "the last will and testament" of decedent, and requested the witnesses "to sign." The decedent did not, in words, declare it to be his will and testament, nor did he request the witnesses to sign.

The other witness, Eagan, testified that after the will was read to the decedent, he said "it was all right, and he was glad it was over." He further corroborated the testimony of the other witness.

There was no attestation clause in the will, nor any declaration in the instrument that it was testator's last will and testament.

THE SURROGATE.—The will must be rejected, on the ground that there was no publication of the paper as decedent's last will and testament.